UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **THE BAR PLAN MUTUAL INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | No. 3:19-cv-00166<br>)<br>) |
| **LAW OFFICE OF RACHEL ZAMATA, LLC,** | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

The Bar Plan Mutual Insurance Company ("The Bar Plan") filed this declaratory judgment lawsuit to determine whether it owes coverage to defend and indemnify its insured the Law Office of Rachel Zamata ("Zamata"). Before the Court is The Bar Plan's Motion for Summary Judgment, (Doc. No. 24), that is ripe for decision, (Doc. Nos. 25; 31; 32).

### I. FACTUAL BACKGROUND[1]

Zamata received its client's settlement funds in a check drawn on an account with RBC Royal Bank Limited Cayman Islands ("Royal Bank"). Zamata deposited the settlement funds into its trust account with Citibank N.A. ("Citibank"), which provisionally credited the check. (Doc. No. 31-1 ¶¶ 7, 19–20). Citibank told Zamata it would take two days for the funds to clear and subsequently informed Zamata that they had in fact cleared. (Id. ¶ 7; Doc. No. 31-2, Rachel Zamata Depo. at 7 and 11). Two weeks later, Zamata wired the settlement funds to another bank to close on the settlement. After Citibank initiated the transfer, Royal Bank did not honor the settlement

---

[1] The facts are construed in Zamata's favor as required by Fed. R. Civ. P. 56.

fund check. Consequently, Citibank charged the funds back to Zamata's account, resulting in a substantial overdraft.

Citibank sued Zamata in the United States District Court for the Southern District of New York, No. 1:18-cr-09973 (RA), alleging that Zamata wrongfully deposited a "counterfeit check." (Doc. No. 1-2 ¶¶ 8, 17). Zamata denies that the check was counterfeit. (Doc. No. 31-1 ¶ 29). The Citibank lawsuit is pending.

As Zamata's professional liability insurer, The Bar Plan agreed to cover the firm's defense in the Citibank lawsuit subject to a reservation of rights under the insurance policy (the "Policy"). (Id. ¶¶ 2–4). The Policy provides Zamata defense and indemnity coverage for damages, but excludes damages if Zamata is a victim of a dishonest act. Specifically, the Policy reads:

> The Company will pay on behalf of an Insured all sums, subject to the Limit(s) of Liability, Exclusions and terms and conditions contained in this Policy, which an Insured shall become legally obligated to pay as Damages as a result of CLAIMS . . .
>
> "DAMAGES" means: A monetary judgment, final arbitration award or settlement, but specifically excludes: . . .
>
>> (4) Monies owed by an Insured as a consequence of the Insured being a victim of any dishonest, deliberately fraudulent, criminal malicious or deliberately wrongful act, unless the Insured owed the claimant a duty of care arising from the Insured's provision of Legal Services on behalf of or for the benefit of that claimant;

(Doc. No. 1-1 at 28–29).

## II. LEGAL STANDARD

The standard for reviewing motions for summary judgment provides that it is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion, the Court must view all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

2

"The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). After this initial burden is satisfied, the nonmoving party has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" Matsushita, 475 U.S. at 587. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment. Rodgers, 344 F.3d at 595. Rather, there must be evidence on which a trier of fact could reasonably find for the non-moving party. Id.; Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999).

### III. ANALYSIS

The Bar Plan seeks a declaration that it does not owe a duty to defend or indemnify Zamata in the Citibank lawsuit because Zamata is a victim of a dishonest act, the alleged counterfeit check, (Doc. No. 25 at 9–10), which is factually disputed. Whether the settlement funding check was counterfeit is a material fact here precluding summary judgment.

Under Tennessee law, when interpreting an insurance policy the Court must enforce the policy as written and give its terms their plain and ordinary meaning. U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co., 277 S.W.3d 381, 386 (Tenn. 2009). The duty to defend is based on the "pleadings test" and "depends solely on the allegations contained in the underlying complaint." Travelers Indem. Co. of Am. v. Moore & Assocs., Inc., 216 S.W.3d 302, 305 (Tenn. 2007) (citing St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994)). Under the pleadings test, the insurer owes a duty to defend if even one allegation in the underlying complaint "alleges damages that are within the risk covered by the insurance contract and for which there is

3

a potential basis for recovery." Id. "Any doubt as to whether the claimant has stated a cause of action within the coverage of the policy is resolved in favor of the insured." Id.

The core issue in the Citibank lawsuit is whether the settlement check was or was not in fact counterfeit. Under the Policy, if the check was counterfeit, then Zamata was the victim of a dishonest act and there is no coverage in the Citibank lawsuit. But if the check was genuine, then Zamata was not a victim of a dishonest act and the Policy applies. Zamata has presented admissible evidence through the deposition testimony of Rachel Zamata that the settlement check was not counterfeit. Ms. Zamata says that a Citibank employee told her to wait two business days from deposit to make sure that the check cleared and she waited two *weeks* before attempting to move the funds. She asked Citibank again before initiating the transfer, and this time a Citibank employee told her that the check had cleared. (Doc. Nos. 31-1 ¶ 7; 31-2, Zamata Depo. at 7, 11). This may be sufficient for a jury to conclude that Citibank initially accepted the check because it was genuine and not counterfeit. While the duty to defend "can be resolved by summary judgment when the relevant underlying facts are not in dispute," Sulphuric Acid Trading Co. v. Greenwich Ins. Co., 211 S.W.3d 243, 248 (Tenn. Ct. App. 2006), here whether the settlement check was counterfeit is clearly disputed and summary judgment must be denied, id.; Rodgers, 344 F.3d at 595.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 3:19-cv-00166 Document 33 Filed 06/04/20 Page 4 of 4 PageID #: 357